# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ODELL GENE GOLDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR26-1 |
| | ) | 1:13CV969 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 46) ("Section 2255 Motion"), Motion for Leave to Amend by Supplementation (Docket Entry 50), and Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion (Docket Entry 51).[1] For the reasons that follow, the Court should deny Petitioner's instant Motions.

### INTRODUCTION

This Court (per United States District Judge Catherine C. Eagles) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 192 months, upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 27; see also Docket Entry 1

---

[1] Parenthetical citations refer to Petitioner's criminal case.

(Indictment); Docket Entry 17 (Plea Agt.); Docket Entry 33 (Plea Hrg. Tr.).)  Petitioner entered that plea conditionally, reserving his right to appeal the prior denial of his Motion to Suppress the charged firearm (on the grounds that its seizure occurred during an illegal search).  (Docket Entry 17, ¶ 5.b.; Docket Entry 33 at 6, 12; see also Docket Entry 10 (Motion to Suppress); Text Order dated June 21, 2012 (denying Motion to Suppress); Docket Entry 32 (Motion to Suppress Hrg. Tr.).)  After entry of the Court's Judgment, Petitioner gave Notice of Appeal (Docket Entry 28) and the United States Court of Appeals for the Fourth Circuit thereafter affirmed (in particular as to the suppression issue), United States v. Golden, 530 F. App'x 261 (4th Cir. 2013).

Petitioner then timely filed his instant Section 2255 Motion. (Docket Entry 46.)  Prior to any response thereto by the United States, Petitioner filed his instant Motion for Leave to Amend by Supplementation (Docket Entry 50) and his instant Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion (Docket Entry 51), as well as affidavits from two witnesses he called during the suppression hearing (Docket Entry 57).  The United States subsequently responded (Docket Entry 62) and Petitioner timely replied (Docket Entry 64).[2]

---

[2] Beginning more than three months after Petitioner filed his above-referenced Reply and continuing over the ensuing seven months, Petitioner submitted seven letters and/or other paper-
(continued...)

2

Case 1:12-cr-00026-CCE   Document 78   Filed 05/19/15   Page 2 of 19

DISCUSSION

Petitioner's Section 2255 Motion asserts these 11 claims:

1) "Illegal Entry of the Residence" (Docket Entry 46, ¶ 12(Ground One));

---

[2](...continued)
writings intended to bolster the claims presented in his instant Section 2255 Motion. (See Docket Entries 66-69, 72, 73, 75.) The applicable federal procedural rule does not permit such filings. See Rule 5(d), Rules Governing Section 2255 Proceedings (authorizing a petitioner who has filed a motion under Section 2255 to file only a reply to any response by the United States). Similarly, "[t]he [C]ourt's Local Rules only allow for the filing of a motion, a response to a motion, and a reply." Adefila v. Select Speciality Hosp., 28 F. Supp. 3d 517, 522 n.3 (M.D.N.C. 2014) (internal quotation marks omitted). Accordingly, "the [C]ourt [should] decline[] to consider [the above-cited seven] filings . . . ." Id.; see also Xiong v. Veneman, No. 1:02CV6525SMS, 2005 WL 3557176, at *4 (E.D. Cal. Dec. 22, 2005) (unpublished) ("A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. . . . It would require the expenditure of substantial amounts of the time of the [c]ourt and its staff as well as significant resources of the opposing party if the [c]ourt and the parties were required to review serially filed submissions on motions without regard to any schedule or deadlines. If the [c]ourt were to allow unlimited filings in the manner apparently sought by [the] [p]laintiff, the [c]ourt could never be sufficiently certain of the parties' positions to be able to rule on a motion presented to it. The [c]ourt would not be able to maintain the orderly administration of justice, and substantial resources of the [c]ourt would be wasted. Such procedures would be unfair to the parties and the [c]ourt."). In any event, the undersigned Magistrate Judge has reviewed the documents at issue and has identified nothing therein that would entitle Petitioner to relief from the Judgment entered against him. As a final housekeeping matter, Petitioner also has filed a number of other motions that the undersigned Magistrate Judge separately has addressed. (See Text Order dated Mar. 4, 2014 (denying Docket Entry 52); Text Order dated May 13, 2015 (denying Docket Entries 55 and 70); Text Recommendation dated May 13, 2015 (recommending denial of Docket Entries 58, 71, and 74).)

3

2) "Federal Judge/US Federal Assistant Prosecutor Discredited Two Witnesses Previously Credited" (id., ¶ 12(Ground Two));

3) "US Federal Assistant Prosecutor Used One Week Continuance to Fabricate Incorrect Time Line" (id., ¶ 12(Ground Three));

4) "Fact Witness Made Victim" (id., ¶ 12(Ground Four));

5) "Coached/Manipulating/Leading Witnesses" (id., ¶ 12(Ground Five));

6) "US Federal Assistant Public Defender Should Not Have Been Assigned to [Petitioner's] Case" (id., ¶ 12(Ground Six));

7) "Mitigating Factors of Witness Statements Were Ignored by Federal Judge/US Federal Assistant Prosecutor" (id., ¶ 12(Ground Seven));

8) "Intoxicated Inmate Testimony Used by Investigating Officer Not Admissible or Reliable in Court Proceedings" (id., ¶ 12(Ground Eight));

9) "Coherced [sic] Consent to Search Premises" (id., ¶ 12(Ground Nine));

10) "Miranda Rights Violation" (id., ¶ 12(Ground Ten)); and

11) "Incidences of False Evidence" (id., ¶ 12(Ground Eleven)).

Grounds One, Two, Three, Nine, and Eleven: Suppression Claims

Grounds One, Two, Three, Nine, and Eleven, as well as Petitioner's instant Motion for Leave to Amend by Supplementation,[3] seek to re-litigate his Motion to Suppress. (See id., Attachs. 1a, 1b, 1c, 1d, 2, 3, 9, 11;[4] Docket Entry 50 at 1-12.) As noted

---

[3] When Petitioner filed his instant Motion for Leave to Amend by Supplementation, he could amend his instant Section 2255 Motion without leave. See Fed. R. Civ. P. 15(a)(1); see also United States v. MacDonald, 641 F.3d 596, 616 (4th Cir. 2011) ("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts."). Accordingly, the Court may deny as moot his instant Motion for Leave to Amend by Supplementation and may treat its allegations as additions to his instant Section 2255 Motion.

[4] The instant Section 2255 Motion sets out Petitioner's 11 claims on standard form pages, which the footer (appended upon docketing via the CM/ECF system) identifies as page numbers four to 24 of Docket Entry 46. Those standard form pages do not contain any "Supporting Facts" for Petitioner's claims; instead, he attached separate pages (identified as Attachments 1a, 1b, 1c, and 1d (for Ground One) and Attachments 2 through 11 (for Grounds Two through Eleven)) with his "Supporting Facts" for each claim. Those Attachments bear CM/ECF footer page numbers 27 to 40 of Docket Entry 46. A standard form signature page (providing Petitioner's declaration "under penalty of perjury that the foregoing is true and correct") appears next as CM/ECF footer page number 41 of Docket Entry 46. After that declaration, Petitioner attached other materials (labeled "Backup to Motion"), which span CM/ECF footer page numbers 42 to 97 of Docket Entry 46. Those materials begin with a "Table of Contents," followed by a rambling narrative that does not clearly track Grounds One through Eleven and that concludes with a signature lacking a perjury acknowledgment. The remaining materials include a diagram, notarized letters from the two witnesses Petitioner called at his suppression hearing, an apparent news release and photograph, various court documents and law enforcement reports, and an e-mail exchange. "While [the Court] must give a liberal reading to a pro se litigant's pleadings, it is not the job of [the] [C]ourt to comb the record
(continued...)

above, on direct appeal, the Fourth Circuit affirmed this Court's denial of that Motion to Suppress. "[A petitioner] cannot circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion. . . . This [principle] plainly bars [Petitioner] from raising [all the suppression-based] claim[s] in his [Section] 2255 [M]otion [and Motion for Leave to Amend by Supplementation]." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (internal ellipses and quotation marks omitted).[5]

---

[4](...continued)
and . . . to construct a potential claim on [the pro se litigant's] behalf." Amaro v. Cameron, Civil Action No. 09-343, 2009 WL 6567090, at *9 (E.D. Pa. July 31, 2009) (unpublished) (internal citation omitted)), recommendation adopted, 2010 WL 2330280 (E.D. Pa. June 3, 2010) (unpublished); see also Quackenbush v. Tilton, No. 07CV413W(WMC), 2008 WL 183710, at *6 (S.D. Cal. Jan. 18, 2008) (unpublished) ("Facts must be stated, *in the petition*, with sufficient detail to enable the [c]ourt to determine, from the face of the petition, whether further habeas corpus review is warranted. Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses." (internal citations omitted) (emphasis in original)). The undersigned Magistrate Judge nonetheless has reviewed all the materials attached to Petitioner's Section 2255 Motion and has not identified anything therein that would entitle him to relief.

[5] The instant Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion also attacks the Court's suppression ruling. (See Docket Entry 51 at 1-8.) The instant Motion for Leave to Amend by Supplementation exhausted Petitioner's one opportunity to amend without leave, see Fed. R. Civ. P. 15(a), and the Court should deny him leave to add further argument on this front based on the futility of any claim challenging the Court's suppression ruling (due to the above-discussed bar against collateral re-litigation of matters addressed on direct appeal), see United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (holding that "futility of amendment" warrants denial of leave to amend in Section 2255 context).

## Ground Six: Ineffective Assistance of Counsel

In Ground Six, Petitioner appears to allege that his counsel provided ineffective assistance during the suppression hearing and as to Petitioner's guilty plea. (See Docket Entry 46, Attach. 6.) The instant Motion for Leave to Amend by Supplementation (which, for reasons noted in footnote three, the Court should treat as an accepted amendment to the instant Section 2255 Motion) also asserts an ineffective assistance claim regarding the suppression hearing. (See Docket Entry 50 at 12-13.) To establish ineffective assistance, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted).

As support for Ground Six, Petitioner has alleged as follows:

1) Petitioner's counsel "insisted [Petitioner] not take the stand . . ., but later stated he should have let [Petitioner] take the stand" (Docket Entry 46, Attach. 6; see also id. ("[Petitioner's counsel] knew the arresting police officers did not have permission to go into a full search like they did and he knew the facts that [Petitioner] wanted to tell the [C]ourt would have proven the officers were committing perjury on the stand"));

7

2) Petitioner's counsel "used a threat of life in prison towards [Petitioner] if [he] did not take a plea on the case" (id.; see also id. (stating that Petitioner's counsel "coherced [sic] [Petitioner] into a [sic] accepting a plea of guilty by a threat of life in prison"));

3) Petitioner's counsel "did not fight very hard for [Petitioner's] case such as he did not use the information from his investigative team in [Petitioner's] defense" (id.); and

4) Petitioner's counsel "should not have been assigned to [Petitioner's] federal case since 18 months prior to [Petitioner's] incarceration [Petitioner's counsel] had himself been arrested on [state] weapons charges" (id.).

Regarding the first and third of these factual allegations, Petitioner identified neither what specific testimony he would have given nor what specific information from the investigative team his counsel should have used. (See id.) As a result, any ineffective assistance claim based on those general allegations fails due to the absence of any basis for finding that a different outcome would have resulted if Petitioner had testified or if his counsel had used any other information. See United States v. Valladares, 544 F.3d 1257, 1265 (11th Cir. 2008) ("Because [the defendant] has not identified any specific documents or other non-cumulative evidence that would indicate a different outcome . . ., she has failed to show specific, substantial prejudice." (internal quotation marks

8

omitted)); France v. United States, No. 85-3357, 785 F.2d 308 (table), 1986 WL 16436, at *2 (6th Cir. Jan. 21, 1986) (unpublished) ("[T]he appellant does not reveal the undiscovered evidence or witnesses overlooked by counsel and does not identify any prejudice. As these are conclusory claims, they are without merit."); United States v. Sheneman, Nos. 3:10-CR-120JD, 3:10-CR-126(2)JD, 3:14-CV-1733JD, 2015 WL 2250247, at *24 (N.D. Ind. May 12, 2015) (unpublished) ("[S]ince [the defendant] has not identified . . . what other evidence [his counsel] should have offered, the [c]ourt cannot find that any prejudice could have occurred even if [his counsel's] performance was deficient."); Roane v. United States, Civ. A. No. 10-778-GMS, Crim. A. No. 07-48-GMS, 2013 WL 5273368, at *5 (D. Del. Sept. 17, 2013) (unpublished) ("[The petitioner] does not explain how counsels' advice not to testify changed either the facts or law as found by this court when it denied his suppression motion. Thus, [the petitioner] has failed to demonstrate that counsel's performance was objectively unreasonable under Strickland or that he was prejudiced by counsel's actions."); United States v. Solarin, Nos. 05CR311CMA, 07CV2656CMA, 2009 WL 3698529, at *15 (D. Colo. Nov. 3, 2009) (unpublished) ("Defendant does not aver as to what [his] testimony would have uncovered and, thus, has failed to allege any factual support as to why not calling [him] to testify was objectively unreasonable."); United States v. Reamey, No. 3:00CR70, 2008 WL

9

2594638, at *5 (S.D. Ohio June 27, 2008) (unpublished) ("Defendant claims [his counsel] advised him not to take the witness stand. . . . Defendant has shown no prejudice as he has not suggested what testimony he would have given . . . .").[6]

The record refutes Petitioner's second, above-cited allegation (i.e., that his counsel coerced his guilty plea by threatening that he otherwise would receive a life sentence). (See Docket Entry 33 at 7 ("THE COURT: Has anyone made any threats or otherwise attempted to force you to plead guilty against your wishes? [PETITIONER]: No.").) "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."

---

[6] To the extent Petitioner contends that he would have testified or that his counsel otherwise should have presented evidence that Petitioner ultimately "was not charged for shooting in [the] apartment [where officers seized the charged firearm, for the purpose of challenging] the fact [that] the arresting officers used [their reported concern over the discharge of a firearm] as a cause to go into a full search" (Docket Entry 46, Attach. 6), his ineffective assistance claim still falls short. The Court found (and the Fourth Circuit affirmed the finding) that exigent circumstances justified the initial entry into the apartment, but that the seizure of the charged firearm occurred after the officers received valid consent to search. See Golden, 530 F. App'x at 262. Given that determination, evidence that officers opted against charging Petitioner with discharge of the firearm would not have altered the result (i.e., the denial of the Motion to Suppress).

10

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner has shown no such extraordinary circumstances that would permit the Court to disregard his sworn denial that his counsel (or anyone else) used threats to make him plead guilty involuntarily. (See Docket Entry 46, Attach. 6.)

The fourth allegation tendered to support Ground Six (i.e., that a prior arrest of Petitioner's counsel rendered him unfit to represent Petitioner) fails as "vague, conclusory, speculative, and unsupported," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.); see also Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

Finally, Petitioner's amendment to his instant Section 2255 Motion alleges that his counsel intentionally mishandled the suppression hearing, by failing to investigate evidence law enforcement officials knew that Petitioner had stayed in the apartment (with the permission of the tenant, Arnold Johnson) for a period of months and that the person who gave them the key they used to enter the apartment (Cathy Sanford) lacked a right of entry, because said counsel "had plans to have [Petitioner] convicted and sent to prison." (Docket Entry 50 at 12-13; see also Docket Entry 64 at 5 ("[I]t is clear that all [Petitioner's

11

counsel] was interested in was getting [Petitioner] convicted . . . .").) Petitioner's bald, facially-frivolous assertion that his counsel sabotaged the suppression hearing to cause Petitioner's imprisonment does not warrant relief. See Cabrera, 2014 WL 6386902, at *9 (holding that "vague, conclusory, speculative, and unsupported [claims] fail[]"); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."); Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).[7]

Grounds Four, Five, and Seven: Witness-Related Claims

In support of Ground Four (entitled "Fact Witness Made Victim" (Docket Entry 46, ¶ 12(Ground Four))), Petitioner has offered only

---

[7] Nor would it have mattered if Petitioner's counsel had investigated the officers' knowledge that Mr. Johnson had allowed Petitioner to stay at the apartment for several months and/or that (despite having a key) Ms. Sanford lacked authority to enter the apartment. First, the Court found that, prior to the seizure of the charged firearm, "Mr. Johnson had reported [to the officers] that [Petitioner] had been staying in the apartment with [Mr. Johnson] for some period of time." (Docket Entry 32 at 118.) Accordingly, whether or not Petitioner's counsel adequately gathered evidence on that issue, the Court ultimately found the facts on that issue as Petitioner wanted. Second, the Court concluded that the officers lawfully entered the apartment based on exigent circumstances (not based on any theory that Ms. Sanford possessed a right of entry). (Id. at 119-20.) Any investigation into the officers' knowledge of Ms. Sanford's authority to enter thus would not have altered the outcome of the suppression hearing.

12

the following: "Cathy Sanford should not have been made a victim in my case at all as she was only a fact witness and [my counsel] did not bring this matter up either." (Docket Entry 46, Attach. 4.) "This claim is vague, conclusory, speculative, and unsupported and fails for all these reasons." Cabrera, 2014 WL 6386902, at *9. To the extent Ground Four alleges ineffective assistance of counsel, it establishes no prejudice (as required by Strickland). The Court therefore should deny relief on Ground Four.

Petitioner has premised Ground Five (labeled "Coached/Manipulating/Leading Witnesses" (Docket Entry 46, ¶ 12(Ground Five))) on these four factual allegations:

1) a federal prosecutor "coached and verbally led and manipulated [three] witness[es] . . . into saying what he wanted them to say or not say to the Federal Grand Jury when he had each of them in a side room at the U.S. Federal Courthouse" (Docket Entry 46, Attach. 5);[8]

2) one witness "stated he did not wish to press charges and felt he was being forced to testify" (id.);

3) a second witness "was physically picked up and forced to testify" (id.); and

---

[8] Petitioner's Reply similarly states in conclusory fashion that a federal prosecutor "coached and coerced each one of the Fact Witnesses in order to gain a Federal Indictment on [Petitioner]" (Docket Entry 64 at 5), but provides nothing on point beyond that bald assertion (see id.).

13

4) a federal prosecutor "verbally requested [that a third witness] not mention [Petitioner's] serious/critical medical condition on the night/early morning in question during [the witness's] testimony in front of the Grand Jury" (id.).

The first of those four allegations is "vague and conclusory . . . [and thus] may be disposed of without further investigation by [this] Court," Dyess, 730 F.3d at 359; see also Wilson v. City of Philadelphia, 415 F. App'x 434, 436 (3d Cir. 2011) (ruling that mere allegations of "manipulation and coaching of witnesses . . . are conclusory, are not entitled to an assumption of truth, and are insufficient to support claims"); Johnson v. Yates, No. CIV S-06-554 MCE CHS P, 2009 WL 2705877, at *14 (E.D. Cal. Aug. 25, 2009) (unpublished) ("It is, of course, proper for an attorney to meet with a witness . . . . [The] petitioner's vague accusations regarding witness coaching do not demonstrate a due process violation."). The second and third above-listed allegations also provide no basis for relief because "[t]he sweeping power of the grand jury to compel the production of evidence has been recognized since the nation's founding." In re Grand Jury Subpoena, 836 F.2d 1468, 1471 (4th Cir. 1988); see also In re Grand Jury Proceedings #5 Empanelled Jan. 28, 2004, 401 F.3d 247, 250 (4th Cir. 2005) ("Absent a compelling reason [such as protection of a recognized privilege], a court may not interfere with the grand jury

14

process.").[9]  The fourth of Petitioner's factual allegations supporting Ground Five similarly cannot sustain a claim because (even if testimony about Petitioner's health constituted exculpatory evidence), a federal prosecutor's withholding of such evidence from a federal grand jury neither violates the United States Constitution nor otherwise permits a federal court to dismiss an indictment. See United States v. Williams, 504 U.S. 36, 37-55 (1992). In sum, Ground Five fails as a matter of law.[10]

Ground Seven bears the title "Mitigating Factors of Witness Statements Were Ignored by Federal Judge/US Federal Assistant Prosecutor." (Docket Entry 46, ¶ 12(Ground Seven).) The

---

[9] Petitioner has not alleged that these witnesses possessed or asserted a valid privilege. (See Docket Entry 46, Attach. 7.)

[10] In addition to contesting the Court's ruling on Petitioner's Motion to Suppress (as discussed in footnote five), the instant Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion alleges that (like the two above-cited witnesses) the third witness "was forced by [a federal prosecutor] to get on the stand of the federal Grand Jury!" (Docket Entry 51 at 6.) That allegation does not support a collateral attack for the same reason that such allegations as to the other two witnesses failed to warrant relief (discussed above). The legal deficiency of such a claim supports denial of Petitioner's proposal to add it to this action. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (authorizing rejection of request to amend motion brought under Section 2255 due to "futility of amendment"). Moreover, the instant Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion addresses only the witness and suppression claims (that fail for reasons stated here and in footnote five). (See Docket Entry 51 at 1-8.) The Court thus should deny as futile Petitioner's instant Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion.

15

"Supporting Facts" section for Ground Seven first references "[s]tatements from witnesses named Arnold Johnson and Steve Quakenbush showing mitigating factors of death threats made by Scott Anthony Argus to both these witnesses and also death threats made by Scott Anthony Argus to [Petitioner]." (Id., Attach. 7.) Petitioner does not identify the decision(s) by this Court or a federal prosecutor that such witness statements properly could have affected or the nature of any such effect. (See id.) Accordingly, that aspect of Ground Seven "is vague, conclusory, speculative, and unsupported and fails for all those reasons," Cabrera, 2014 WL 6386902, at *9; see also Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

Next, under the "Supporting Facts" subheading for Ground Seven, Petitioner repeated one of allegations he made in support of Ground Five. (See Docket Entry 46, Attach. 7 ("[A witness] tried to explain [Petitioner] was in serious/critical medical condition due to asthma attack and alcohol poisoning. [A federal prosecutor] cut [the witness's] testimony short on this subject so the Federal Grand Jury would not hear [the witness's] additional comments/details regarding [Petitioner's] serious/critical medical condition on the night/early morning in question.").) As explained

16

above in connection with Ground Five, that allegation does not provide a basis for relief.

Lastly, within the "Supporting Facts" section of Ground Seven, Petitioner complained that his counsel "refused to use a notarized statement from Arnold Johnson stating arresting police officers did an illegal search of his premises on the night in question." (Id.) According to Petitioner, his counsel "stated the notarized statement from Mr. Johnson was not admissible in court, because it was only a piece of paper and not a real person." (Id.) To the extent such allegations constitute a claim of ineffective assistance, said claim fails under Strickland because (even if Petitioner's counsel gave erroneous advice on this subject) no prejudice resulted (given that Mr. Johnson testified at the suppression hearing (see Docket Entry 32 at 71-89)).

Simply put, Ground Seven (like Grounds Four and Five) lacks merit.

Grounds Eight and Ten - Intoxication and Miranda Claims

Petitioner has labeled Ground Eight "Intoxicated Inmate Testimony Used by Investigating Officer Not Admissible or Reliable in Court Proceedings" (Docket Entry 46, ¶ 12(Ground Eight)) and has based said claim on these "Supporting Facts":

> When the investigating officer came to the jail, [Petitioner] was still quite intoxicated from alcohol poisoning and had been placed in a holding cell for five days by the detention center personnel to get sober. Intoxicated inmate testimony by [Petitioner] should not

17

> have been admissible in court proceedings as it would be unreliable testimony.

(Id., Attach. 8.)  In turn, Ground Ten, bearing the title "Miranda Rights Violation" (id., ¶ 12(Ground Ten)), rests on the allegation that "[a]t no time at the apartment [where the officers seized the charged firearm did] any of the three officers read [Petitioner] his Miranda Rights or tell him he was under arrest.  [Petitioner] was handcuffed and then put in an ambulance" (id., Attach. 10).  In rendering its suppression ruling, the Court did not rely on any statement(s) Petitioner gave either at the apartment on the night the officers seized the charged firearm or at the jail five days later.  (See Docket Entry 32 at 115-23.)  Nor has Petitioner identified any other decision(s) by the Court that relied on any such statement(s).  (See Docket Entry 46, Attachs. 8, 10.)  Under these circumstances, Grounds Eight and Ten are "vague, conclusory, speculative, and unsupported and fail[] for all those reasons," Cabrera, 2014 WL 6386902, at *9; see also Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

## CONCLUSION

Petitioner has established no entitlement to relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket

18

Entry 46), Motion for Leave to Amend by Supplementation (Docket Entry 50), and Motion for Unpresented Facts of Evidence [Petitioner] Did Not Present in First [Section] 2255 Motion (Docket Entry 51) each be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 19, 2015